**In re the Marriage of David M. MUCHA, petitioner, Respondent,**

v.

**Deborah L. MUCHA, Appellant.**

**No. C9–87–103.**

Court of Appeals of Minnesota.

Sept. 1, 1987.

Bob A. Goldman, Albert Lea, for respondent.

Paul G. Morreim, Freeborn County Atty., Albert Lea, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

WOZNIAK, Judge.

### FACTS

David and Deborah Mucha were married in 1976 and have three minor children. Their marriage was dissolved on January 27, 1986. By stipulation, the dissolution

hearing took place as a default. Deborah was awarded custody of the children. The court found that medical insurance covering the children was available to David at his place of employment. The cost of the insurance was $25 per week. The court found that David had a net income of approximately $170 per week and set child support at $46 per week. In a separate memorandum that did not accompany the order for judgment, the trial court explained that it had applied the statutory guidelines to David's $170 per week net income figure and that the net income figure reflected the deduction of the insurance costs.

David moved to modify the support order "to have the sum of insurance benefits be considered part of the gross due for the children." The trial court granted the motion, treating it as a motion for amended or additional findings. The court explained that Minn.Stat. § 518.551, subd. 8 (1984) does not require a supporting parent to carry hospital and medical insurance. Rather, the statute requires the supporting parent to name the child as beneficiary, if such insurance is available. The court construed the statute to mean "available at no cost to the employee."

The court permitted David to terminate his insurance coverage for the children. The court found that David's take-home pay after all deductions, including the insurance premiums for the children, was $170 per week and that, without deducting the insurance premiums, his income was $195 per week. Based on that $195 figure, the court set child support at $56.50 per week. Pursuant to the court's order, Deborah has the option of having David reinstate the insurance coverage, but the premiums are then deducted from the child support payment, thereby reducing the payment to $31.40 per week.

## DECISION

■ The trial court reasoned that David was paying more than the guideline amount because he was required to pay child support as well as health insurance premiums. The court treated the costs as if they were part of a single obligation. The medical insurance premium, however, is an obligation separate from the child support obligation provided for in the child support guidelines. *Thompson v. Newman*, 383 N.W.2d 713, 717 (Minn.Ct.App. 1986).

■ In *Thompson*, this court held that the deductibility of medical insurance premiums is controlled by Minn.Stat. § 518.-551, subd. 5(6) (1984), which allows a deduction from net income for any payments made for a child's medical insurance. *Id.* at n. 1. "The statute does not provide alternative methods for deducting this amount such as including it as part of the child support obligation." *Id.* at 717 (footnote omitted). Here, the trial court included the premiums as part of the support obligation, which it may not do. The effect of this procedure is to reduce the amount of child support available to Deborah.

■ After initially treating the premiums properly, the court later erred in its treatment of the cost of the insurance premiums. Accordingly, the court's order of July 11, 1986, permitting David to terminate his insurance coverage of the children, is reversed and the original judgment and decree of January 27, 1986, is reinstated.

Reversed.